# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KIMBERLY OLIVER,

      Claimant,

v.                                       Case No: 6:18-cv-1917-Orl-DCI

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

---

## MEMORANDUM OF DECISION

Kimberly Oliver (Claimant) appeals the Commissioner of Social Security's final decision denying her application for a period of disability and Disability Insurance Benefits. Doc. 1. Claimant argues that the decision of the Administrative Law Judge (ALJ) is not based on substantial evidence and the legal conclusions are contrary to law and regulation. *Id*. Claimant requests a finding that she is entitled to disability benefits or, in the alternative, for the Court to remand the case for further administrative proceedings. *Id*.

For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

### I.      Procedural History

This case stems from Claimant's application for a period of disability and disability insurance benefits. Doc. 17 at 1. Claimant alleged a disability onset date of December 26, 2014. *Id*. The claims were denied initially and upon reconsideration. *Id*. at 1. A hearing was conducted and the ALJ issued an unfavorable decision on November 20, 2017. *Id*. at 1, 13. The Appeals Council denied the request for review. *Id*. at 1.

**II.     The ALJ's Decision**

In the decision, the ALJ found that Claimant has the following severe impairments: bilateral knee pain and osteoarthritis (20 CFR 404.1520(c)). R. 12. The ALJ further found that Claimant does not have an impairment or combination of impairments that meets or medically equals any listed impairment. R. 16.

The ALJ found that Claimant had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with frequent climbing of ramps and stairs; occasional climbing of ladders, ropes and scaffolds; and frequent balancing, stooping, kneeling, crouching and crawling. R. 17. The ALJ found that Claimant had no past relevant work. R. 19. The ALJ found that through the date last insured, considering the Claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that she could perform (20 CFR 404.1569 and 404.1569(a)). R. 19-20. Ultimately, the ALJ found that "the claimant was not under a disability, as defined in the Social Security Act, at any time from December 26, 2014, the alleged onset date, through December 31, 2015, the date last insured (20 CFR 404.1520(g))." R. 20.

**III.    Standard of Review**

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision,

when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.    Discussion

### A. Issue One:  Whether the ALJ Failed to Offer Good Cause for Giving Little Weight to Dr. Coren's Opinion

Claimant states that in January 2015, shortly after her accident, Dr. Coren, her treating Orthopedist, wrote that she was unable to work at even the sedentary level of exertion. Doc. 17 at 13-14. Claimant states that the physician reiterated that finding in April 2015 after Plaintiff's arthroscopic surgery. *Id*. Claimant argues that the ALJ did not offer good cause for giving little weight to Dr. Coren's opinions. *Id*.

The ALJ specifically provided the following with respect to Dr. Coren's opinion:

> I note that the record contains statements from the claimant's orthopedic physician, Seth D. Coren, MD, indicating that the claimant was not even capable of work at the sedentary level; however, said opinion was prepared in the context of the adversarial worker's compensation claim system. The focus in a worker's compensation claim is on the claimant's past work or some medication thereof but the criteria used to determine disability under the Social Security Act is different from workers' compensation law. 20 CFR 404.1504 and 404.1527(e) allow outright rejection of conclusions of disability that are based on criteria other than Social Security Regulations. Therefore, a determination by a workers compensation doctor is not relevant when evaluating a Title II or Title XVI claim for benefits. Further, all of the physician's opinions regarding the claimant's disability were prior to corrective surgery on her knee. (Exhibit 8F 13-18) There is no opinion from any treating source after the claimant had surgery on her knee. In light of the aforementioned information, I give Dr. Coren's opinion little weight.

R. 18.

With respect to these findings, Claimant argues that the adversarial nature of the Florida's workers' compensation system does not detract from Dr. Coren's opinion; any legal difference between the Social Security Act and workers' compensation law is irrelevant because the doctor "simply made a medical finding that Plaintiff cannot engage in sedentary work, and the definition of sedentary work is the same under both systems"; the ALJ's assertion that the opinion predated her knee surgery is not supported by substantial evidence; and the treatment notes from April through November 2015 show that her level of pain did not improve significantly between the surgery and the date last insured. Doc. 17 at 16-17.

First, there is no merit to this argument to the extent that Claimant relies on Dr. Coren's opinion on the exertional level of work. A treating physician's opinion on issues that are reserved to the Commissioner, such as whether a claimant is unable to work or their residual functional capacity, is not entitled to controlling weight or special significance. 20 C.F.R. § 404.1527(d); *see Denomme v. Comm'r, Soc. Sec. Admin*, 518 Fed.Appx. 875, 878 (11th Cir. 2013); *Paskowsky v. Comm'r of Soc. Sec.*, 2018 WL 834749, at *6 (M.D. Fla. Feb. 13, 2018) ("[the physician's] opinion that plaintiff 'would be unable to tolerate even a sedentary work environment' is not a medial opinion entitled to deference but instead is an opinion on an issue reserved to the Commissioner."); *Fordyce v. Colvin*, 2017 WL 1080966, at *10 (S.D. Fla. Mar. 21, 2017) (finding that a physician's opinion that the plaintiff could not perform full-time sedentary work was neither entitled to significant weight nor was it dispositive because it was an opinion reserved to the Commissioner.); *Weatherby v. Comm'r of Soc. Sec.*, 2017 WL 2773484, at *5 (M.D. Fla. June 27, 2017) (finding that whether a plaintiff is disabled is an issue reserved for the Commissioner and "[the doctor's] conclusory finding that plaintiff cannot perform even sedentary work because she is 'off work' is not entitled to special significance.").

Claimant's argument regarding the workers' compensation claim system is a non-starter for the same reason. Claimant attacks the ALJ's suggestion that the opinion was not reliable because it was given in the context of the adversarial process and she takes issue with the ALJ's discussion of the differing criteria in Social Security versus workers compensation. Claimant contends that Dr. Coren's opinions have the same meaning under Social Security Act as they do under Florida's workers' compensation law, and the ALJ erred by citing the differences as reason for giving little weight to the opinion. Doc. 17 at 15. But the ALJ was specifically addressing Dr. Coren's opinion that Claimant was not capable of work at the sedentary level; an opinion that was not entitled to deference. So even assuming the reasons the ALJ gave for discounting that opinion were in error, that error is harmless, as the determination of Claimant's RFC is reserved for the Commissioner.

The Court notes, however, that workers' compensation claims are not necessarily irrelevant in all cases. "Generally, '[t]he findings of disability by another agency, although not binding on the Secretary, are entitled to great weight." *Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984) (quoting *Bloodsworth*, 703 F.2d at 1240). Claimant states that "…both the state of Florida and the Social Security Administration borrow their definitions of sedentary work from the Department of Labor's Dictionary of Occupational Titles." Doc. 17 at 15. Indeed, the definitions of disability under Florida's worker's compensation law and federal social security law differ, but the Florida Supreme Court has interpreted the Florida Statute "in such a way that the Florida statute operates similarly to the definition under the federal regulations." *Poznanski v. Comm'r of Soc. Sec.*, 2016 WL 877780, at *7 (Mar. 8, 2016) (citing *Falcon*, 732 F.2d at 831).

But here, there is no citation to a workers' compensation decision to weigh. Dr. Coren may have given his opinion in the context of that claim, but Claimant does not cite to an award of

benefits or a decision under that system, and this is probably because she settled her case. *See* Doc. 17 at 16. Claimant might be right that any differences between the Social Security and workers' compensation laws are irrelevant here and that the adversarial nature of the workers' compensation system suggests that Dr. Coren's opinion is reliable, but those arguments do not demonstrate that there was an actual workers' compensation finding of disability to consider or that the ALJ's decision was not supported by substantial evidence.

Finally, assuming that Claimant's position is based on the allegation that the "little weight" finding is erroneous overall and was offered without "good cause," the Court is still not persuaded that she has met her burden. The ALJ did not solely base the determination regarding Dr. Coren on the workers' compensation versus Social Security analysis. Again, the ALJ added that "all of the physician's opinions regarding the claimant's disability were prior to corrective surgery on her knee. (Exhibit 8F 13-18) There is no opinion from any treating source after the claimant had surgery on her knee." Claimant correctly provides, and the Commissioner concedes, that this statement is not accurate. Doc. 17 at 15-16; 21-22 at n. 3. Claimant states that Dr. Coren noted on April 29, 2015, almost a month after the surgery, that she was not able to perform sedentary work, and a more recent note stated that Claimant still needed a cane and a knee brace and did not have full extension in her knee. Doc. 17 at 16.

While the ALJ's statement might not be entirely accurate, the Commissioner argues and the Court agrees that the error was harmless. The ALJ specifically discusses the April 10, 2015 and April 29, 2015 post-operation visits and Dr. Coren's findings. Specifically, the ALJ found:

> Following the surgery, treatment notes from the claimant's orthopedic physician reveal her states [sic] had improved and the physical exam should [sic] only mild to moderate left knee discomfort with no noted distress. (Exhibit 5F/15, 18) She was prescribed pain medication and instructed to do some physical therapy exercises at home. (Exhibit 5F/18) At a subsequent visit, the claimant's orthopedic physician again noted improvement with a reduced pain scale of 6 out of 10 and

denial of numbness and tingling.  (Exhibit 5F/8)  Further, pursuant to continued reduced range of motion and lack of full extension, he ordered physical therapy for active assisted range of motion in addition to the previously prescribed home exercises.  (Exhibit 5 F/8)

R. 18.

The records that the ALJ refers to are from Claimant's visits with Dr. Coren.  So, while the ALJ may have erroneously stated that no opinion came after the surgery, the ALJ then went on to consider Dr. Coren's notes from after surgery in rendering the decision.  Further, Claimant fails to adequately explain how the subsequent opinions impact the disability finding.  As discussed, the sedentary work finding is reserved for the Commissioner.  Also, there is no explanation as to how the knee brace and cane impact the RFC.  *See Shinseki v. Sanders*, 556 U.S. 396 (2009) (explaining that the "burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").  In short, even if the ALJ erred in citing the differences between the Social Security and workers' compensation "systems" as Claimant contends and it was a misstatement to find that there was no opinion post-surgery, the error was harmless. *See Hunter v. Comm'r of Soc. Sec.*, 609 F.App'x 555, 558 (11th Cir. 2015) ("To the extent that administrative law judge commits an error, the error is harmless if it did not affect the judge's ultimate determination.").

### B.  Issue Two: Whether the ALJ Failed to Give an Adequate Explanation for Rejecting Claimant's Testimony About her Pain

Claimant argues that the ALJ's decision to give little weight to her testimony was not supported by substantial evidence and contained an error of law.  Doc. 17 at 29.

In part, the ALJ wrote the following regarding Claimant's subjective testimony:

The claimant alleges disability primarily due to knee and back pain and depression.  More specifically the claimant alleged the following:  she cannot cook for herself or do her laundry; she cannot lift a bag of potatoes; she wears braces 24 hours a day; she can only sit for 20 to 30 minutes and can only stand for 10-15 minutes at

a time; she has a burning sensation up the back of her leg and across her shoulders; the pain she experiences make her very sore and achy all the way to her ankle; and the claimant walks with a cane.

After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision

As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because *the claimant has been conservatively treated by her providers, has been noncompliant with prescribed treatment, and has neglected to follow up on referrals for special treatment*.

***

Again, despite receiving recommendations for orthopedics, the claimant did not follow up. Accordingly, while the record does denote throughout that the claimant ambulates with a cane and knee brace and exhibits tenderness elsewhere with limited range of motion, the medical record in its entirety and the claimant's own testimony suggests she has been non-compliant in treatment recommendations. In [sic] find her reluctance to follow up with physical therapy, vocational rehabilitation or an orthopedic specialist to be indicative of a finding that the claimant is as functionally limited as she alleges. However, in light of the fact that she obviously experiences some pain and limitations relative to her physical impairments, I adopted the state Agency Physicians opinion that the claimant was cable of light work with frequent climbing of ramps and/or stairs; occasional claiming of ladders, ropes and scaffolds; and frequent balancing, stooping, kneeling, crouching and crawling. (Exhibits 1A, 3A) Consequently, I give great weight to their opinion. While the State Agency Physicians did not personally examine the claimant, I find their opinion to be consistent with the medical record as a whole.

*The record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or has physical limitations greater than determined in the residual functional capacity* above. Given the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by one of her treating physicians. Yet a review of the record in this case reveals no restrictions recommended by same.

The record does contain a third party function report from the claimant's husband (Exhibit 4E) I give little weight to his opinion noting that he is not an acceptable medical source and a large portion of his opinion is inconsistent with the objective medical evidence. It is worth noting that *the portions of his opinion which I deem consistent with the objective medical evidence were generally inconsistent with*

*the claimant's testimony* despite the fact that her husband reports knowing her for 10 years and spending 24 hours a day with her. More specifically, the claimant reported at the hearing that she cannot cook for herself; however, Mr. Oliver reported the claimant prepares meals for herself. (Exhibit 4E/1, 3) Additionally, the claimant reported an inability to do her laundry; however, her husband reported they share in household chores like laundry and further noted she helps with household chores a few hours once a week. It would arguably be difficult for a person as disabled as the claimant alleges, to engage in such work.

R. 17-19 (emphasis added).

Claimant's argument regarding her credibility is multilayered but none of her reasons prevail. Claimant contends that the record contradicts the ALJ's assertion that she only received conservative medical care; the ALJ failed to consider an alternative explanation for her failure to follow up with physical therapy, vocational rehabilitation, and an orthopedic referral; the objective medical findings are fully consistent with her testimony about her limitations; the ALJ erred in finding that no treating physician placed work restrictions on her; and the ALJ should not have drawn a negative inference from her daily activities. Doc. 17 at 29. To the contrary, the Commissioner argues that the ALJ clearly articulated the reasons for discounting Claimant's subjective complaints. *Id*. at 31.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id.* at §§ 404.1529(c)(1)-(4). "If the ALJ decides not to credit a claimant's

testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. "Credibility determinations are the province of the ALJ." *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir.2005). The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Foote*, 67 F.3d at 1562.

Here, the ALJ gave three reasons for discrediting Claimant's credibility. First, as the quotation from the decision reflects, the ALJ took issue with the Claimant's failure to follow up and her non-compliance with treatment recommendations. The Court does not find it improper that the ALJ considered Claimant's failure to appear at appointments when rendering his decision, but the ALJ also should have addressed Claimant's ability to afford treatment. In making a disability determination, the ALJ may rely on a claimant's refusal to follow prescribed medical treatment, and refusal to follow prescribed medical treatment without a good reason will preclude a finding of disability. *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988). However, a claimant's poverty can excuse non-compliance with medical treatment. *Id.* Therefore, before denying an application based on a claimant's failure to comply with prescribed medical care, the ALJ must consider whether the claimant is able to afford the medical care. *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003).

The record reflects that Claimant reported to the Florida Department of Education Division of Vocational Rehabilitation for a preliminary assessment. According to the notes, "[b]efore the treatment was completed, the workers comp case settled and all treatment stopped. The settlement was $10,000, which was, covered her living expenses from the time of the accident in December

through the surgery; there was nothing left for PT. No further ongoing treatment on her knee." R. 382.[1]

Based on the foregoing, the Court finds that the ALJ should have taken into consideration Claimant's inability to afford treatment when evaluating her credibility on her subjective pain. Regardless, the undersigned finds that any error was harmless. As stated, the ALJ offered two other reasons associated with the credibility finding. Specifically, the ALJ found that Claimant's husband's function report was consistent with the medical record and undermined Claimant's testimony with respect to her daily living activities. Even though Claimant describes the inconsistencies as minor, the ALJ gave specific examples of the discrepancies which were properly considered. As such, there is a good cause basis to discount her credibility.

The Court notes that with regard to the ALJ's final reason for the credibility determination, Claimant argues that the ALJ erred when finding that no treating source ever placed restrictions on Claimant. Doc. 17 at 28. Claimant states that this contention is inaccurate because Dr. Coren "imposed several restrictions" on her activities including finding on two occasions that she was not capable of performing sedentary work, and after surgery, he advised her not to walk without wearing a knee brace and using an assistive device. *Id*. Again, assuming the statement was incorrect, the error was harmless. As discussed, Dr. Coren's finding regarding sedentary exertion was not dispositive and there is no showing that the restrictions of the knee brace and cane were inconsistent with the RFC.

---

[1] Claimant also mentioned during the hearing that she was unable to get "pain management" on at least four occasions because she has no insurance. R. 53-54. The Court notes that Claimant was represented by counsel at the hearing and, therefore, could have argued that she was unable to also afford physical therapy, vocational rehabilitation or an orthopedic surgeon which were the treatment recommendations the ALJ focused on regarding her non-compliance.

In sum, any error that the ALJ committed was harmless. The Court is not convinced that the decision was not supported by substantial evidence.

## **CONCLUSION**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

## **NOTICE TO PARTIES**

**DONE** and **ORDERED** in Orlando, Florida on January 27, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
The Court Requests that the Clerk
Mail or Deliver Copies of this order to:
The Honorable Doug Gabbard
Administrative Law Judge
Office of Hearings Operations
Social Security – Oho
524 South 2nd Street
McAlester, OK 74501-9901